# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY BOYD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV411-138 |
| AGENT CRISTOPH BOATRIGHT[1] and FIVE UNKNOWN AGENTS, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Anthony M. Boyd's 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted Boyd leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

---

[1] Boyd names Boatright as "Christoph Boatright, Agent C. Boatright." (Doc. 1.) He is clearly referring to one person, but the Clerk mistakenly listed Boatright twice. The Clerk is therefore **DIRECTED** to correct the docket to reflect that defendant is suing only a single Christoph Boatright. All subsequent filings shall conform.

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

Read fairly, Boyd raises four Fourth Amendment claims. First, he claims Agent Boatright and five other unnamed defendants illegally entered his home "without consent, or under exigent circumstances. And more importantly without a warrant nor probable cause, or an affidavit supporting probable cause." (Doc. 1 at 5.) That is, the entry and search of his home was illegal. (*Id.*) Second, the agents illegally searched Boyd's person. (*Id.*) Third, the agents illegally arrested Boyd.

(*Id.*) And fourth, Boatright used excessive and unreasonable force by slamming plaintiff onto the floor. (*Id.*) As relief, Boyd seeks compensatory and punitive damages along with an injunction ordering that the pending state criminal case against him be dismissed. (*Id.* at 6.)

Boyd's Fourth Amendment claims, to the extent they seek injunctive relief, should be dismissed. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Consequently, this Court may not interfere with Boyd's state criminal prosecution unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Here, Boyd has not alleged any facts to support invocation of the *Younger*

3

exceptions. His request for injunctive is thus a non-starter. Instead of running to federal court, Boyd should raise his contentions before the state courts, which are perfectly capable of determining whether his federal rights have been violated. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("State courts, like federal courts, are obliged to enforce federal law.").[2]

The Eleventh Circuit has also indicated its approval of applying the *Younger* doctrine to § 1983 actions for money damages. *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (per curiam) (ordering district court to abstain from resolving merits of petitioner's claim until state conviction reviewed by Georgia Court of Appeals); *Scheuerman v. City of Huntsville*, 373 F. Supp. 2d 1251, 1255 (N.D. Ala. 2005); *Gilbertson v. Albright*, 381 F.3d 965, 979 n.13 (9th Cir. 2004) (noting that

---

[2] For that matter, to the extent Boyd seeks immediate release from confinement, he is in substance bringing a 28 U.S.C. § 2241 habeas action, not a § 1983 claim. *See Hudson* 358 F. App'x at 119 (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement). But to do that he must first exhaust his state court remedies. If he wishes to proceed with such a claim, he should file a 28 U.S.C. § 2241 habeas petition, but he is advised that such a petition would likely be subject to immediate dismissal for lack of exhaustion.

every circuit that has addressed the issue, aside from the Fifth Circuit, have recognized that *Younger* principles apply "in some fashion" to damages actions); *see Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"). Since Boyd's complaint calls into question the legitimacy of his arrest and the simultaneous search of his person and home by state agents, the very searches that gave rise to evidence underlying his pending state court criminal proceedings (doc. 1 at 7), any decision by this Court could substantially interfere with, and potentially undermine, the results reached in the state court proceeding. In such cases, it is the common practice of federal courts to stay the federal proceeding until the criminal case has ended. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 703, 730 (1996) (holding that for a claim for damages, the parallel federal action should be stayed rather than dismissed); *Pompey v. Broward County*, 95 F.3d 1543, 1552 n.12 (11th Cir. 1996) ("It is doubtful that federal district courts may dismiss claims for damages under abstention principles.").

For all of the reasons explained above, the Court recommends that Boyd's claims for injunctive relief against his ongoing state criminal prosecution be **DISMISSED** and that the remainder of his case be case be **STAYED** until the state court criminal proceedings are complete. At that time, Boyd shall file a motion with the Court to proceed with the instant action, informing the Court of the outcome of his criminal trial and appeal. Until then, this case should be administratively closed.

**SO REPORTED AND RECOMMENDED** this <u>27th</u> day of June, 2011.

<pre>                            /s/ G.R. Smith
                            UNITED STATES MAGISTRATE JUDGE
                            SOUTHERN DISTRICT OF GEORGIA</pre>